## Re Road in Wilkins Township.

A writ of certiorari to review a decree confirming a report of viewers laying out a public road, taken more than two years after the final confirmation of the report, must be quashed.

All persons were bound to take notice of the action of the court; and that a party has occupied the time allowed for taking the writ in a futile attempt to induce the court of quarter sessions to open its decree is no reason for not taking it within such time.

(Argued November 9, 1886. Decided November 15, 1886.)

October Term, 1886, No. 189, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Certiorari to the Court of Quarter Sessions of Allegheny County to review proceedings laying out a public road. Motion to quash. Writ quashed.

January 26, 1884, certain citizens of Wilkins (now Braddock) township presented a petition for the opening of a new public road. March 8, 1884, a report of viewers, appointed by the court in the proceedings, was filed and August 4, 1884, was confirmed absolutely, no exceptions having been filed thereto, and the same day an order to open the road was issued. December 12, 1885, the Pennsylvania Railroad Company presented a petition for a rule to show cause, etc., alleging that it never had any notice of the proceeding to open the road; that there were various errors and irregularities in the proceeding and report of the viewers and that the road as laid out would cause irreparable damage and injury to said company. Whereupon the court granted a rule to show cause why the confirmation of the report of the viewers should not be vacated and the proceeding set aside, and in the meantime stayed all proceedings. August 3, 1886, the court discharged this rule, whereupon and on August 20, 1886, the Pennsylvania Railroad Company took this writ.

Cited in *Re* Wilkinsburg, 131 Pa. 365, 20 Atl. 381; *Re* Road, 8 Pa. Super. Ct. 358, 365, 43 W. N. C. 104, 29 Pittsb. L. J. N. S. 186.

NOTE.—For time within which appeals must be taken, see note to Gillespie v. Campbell, 1 Sad. Rep. 145.

*Yost & Rebman* for the motion.

*Hampton & Dalzell, contra.*—Cited *Re* Road, 103 Pa. 250; Young's Petition, 9 Pa. 215; Pennsylvania Cent. Ins. Co. v. Gaus, 91 Pa. 103; Bair v. Black, 10 W. N. C. 156.

PER CURIAM:

The writ in this case, not having been taken for more than two years after the final confirmation of the report, must be quashed. All persons were bound to take notice of the action of the court, and the plaintiff in this writ certainly knew of that action before the expiration of the two years, and if it preferred to occupy the time thus allowed by the act of assembly, in a futile attempt to induce the court of quarter sessions to open its decree, it has no one but itself to blame for the result.

The writ is quashed.